# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION

MARTHA CARLSON,

Plaintiff,

v.

BOSTON SCIENTIFIC CORPORATION,

Defendant.

**LEAD CASE NO. 5:15-CV-57**

**Individual Case No. 3:15-CV-211**

## PLAINTIFF'S PROPOSED REVISED JURY INSTRUCTION 23 (741.71), REQUEST TO CHARGE AND VERDICT FORM

In addition to the Court's standard prefatory remarks and general instructions, and before the Court has submitted its instructions to the jury, Plaintiff Martha Carlson ("Plaintiff") respectfully requests that the Court give the following revised instruction 23 to the jury in connection with the claims asserted against Defendant Boston Scientific Corporation and the revised jury verdict form

Plaintiff shows that these instructions relate to principles of law applicable to the evidence that will be introduced into this case. Plaintiff reserves the right to submit additional requests depending on the evidence admitted at the trial of this case and the issues finally submitted for jury determination.

DATED: October 15, 2015

Respectfully submitted,

/s/ Andres C. Pereira
Andres C. Pereira
Texas Bar No. 00794440
Mark R. Mueller
Texas Bar No. 14623500
MUELLER LAW, PLLC
404 West 7th Street
Austin, TX 78701

(512) 478-1236  
(512) 478-1473 (Facsimile)  
Andres.Pereira@muellerlaw.com  
Mark@muellerlaw.com  
Meshservice@muellerlaw.com  

Charles McB. Sasser  
North Carolina Bar No. 10027  
THE SASSER LAW FIRM, PA  
1011 E. Morehead Street, Suite 350  
Charlotte, NC 28204  
(704) 342-4200  
(704) 342-0798 (Facsimile)  
MSasser@sasserlawoffice.com  

**ATTORNEYS FOR PLAINTIFF**

# CERTIFICATE OF SERVICE

I hereby certify that on October 15, 2015, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive service in this matter.

/s/ Andres C. Pereira
Andres C. Pereira
Texas Bar No. 00794440
Mark R. Mueller
Texas Bar No. 14623500
MUELLER LAW, PLLC
404 West 7th Street
Austin, TX 78701
(512) 478-1236
(512) 478-1473 (Facsimile)
Andres.Pereira@muellerlaw.com
Mark@muellerlaw.com
Meshservice@muellerlaw.com

Charles McB. Sasser
North Carolina Bar No. 10027
THE SASSER LAW FIRM, PA
1011 E. Morehead Street, Suite 350
Charlotte, NC 28204
(704) 342-4200
(704) 342-0798 (Facsimile)
MSasser@sasserlawoffice.com

**ATTORNEYS FOR PLAINTIFF**

# PLAINTIFF'S REQUEST TO CHARGE NO. 23 (REVISED)

## PRODUCTS LIABILITY - CLAIM AGAINST MANUFACTURER FOR NEGLIGENT DESIGN OR FORMULATION

The first issue reads:

"Did Boston Scientific Corporation act unreasonably in designing or formulating the Uphold proximately causing Martha Carlson's injuries?"

On this issue the burden of proof is on the plaintiff. This means that the plaintiff must prove, by the greater weight of the evidence, four things:

First, that the defendant, Boston Scientific Corporation was the manufacturer of the Uphold mesh. A "manufacturer" is a person or entity who formulates, designs, assembles, fabricates, produces, constructs or otherwise prepares a product or a component part of a product prior to its sale to a user or consumer (including a seller owned in whole or in significant part by the manufacturer or a seller owning the manufacturer in whole or significant part).

Second, that at the time of its manufacture, the defendant acted unreasonably in designing or formulating the Uphold mesh. In determining whether the defendant acted unreasonably, you shall consider the following:

1. The nature and magnitude of the risks of harm associated with the design or formulation in light of the intended and reasonably foreseeable uses, modifications or alterations of the Uphold mesh;

2. The likely awareness of users of the Uphold mesh of those risks of harm, whether based on warnings, general knowledge, or otherwise;

3. The extent to which the formulation or design conformed to any applicable government standard that was in effect when the Uphold mesh left the control of the defendant;

4.     The utility of the Uphold mesh, including the performance, safety and other advantages associated with that formulation or design;

5.     The technical, economic and practical feasibility of using an alternative formulation or design at the time of manufacture;

6.     The nature and magnitude of any foreseeable risks associated with the alternative formulation or design.

Third, that the defendant's unreasonable acts were a proximate cause of the plaintiff's injuries. Proximate cause is a cause which in a natural and continuous sequence produces a person's injuries, and is a cause which a reasonable and prudent person could have foreseen would probably produce such injuries or some similar injurious result. There may be more than one proximate cause of an injury. Therefore, the plaintiff need not prove that the defendant's unreasonable acts were the sole proximate cause of the injury.  The plaintiff must prove, by the greater weight of the evidence, only that such unreasonable acts were a proximate cause.

Fourth, that at the time the Uphold mesh left the control of the defendant:
the defendant unreasonably failed to adopt a practical, feasible, and otherwise reasonable alternative formulation or design that was safer, that could have been reasonably adopted and that would have prevented or substantially reduced the risk of harm without substantially impairing the usefulness, practicality or desirability of the Uphold mesh; **or,**
the design or formulation of the Uphold mesh was so unreasonable that a reasonable person, aware of the relevant facts, would not use or consume an Uphold mesh of this design or formulation.

Finally, as to this first issue on which the plaintiff has the burden of proof, if you find, by the greater weight of the evidence, that the defendant acted unreasonably in designing or

formulating the Uphold mesh and that this action was a proximate cause of the plaintiff's injuries, then it would be your duty to answer this issue "Yes" in favor of the plaintiff.

If, on the other hand, you fail to so find, then it would be your duty to answer this issue "No" in favor of the defendant.[1]

---

[1] N.C.P.I. Civil 741.71

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

MARTHA CARLSON,

Plaintiff,

v.

BOSTON SCIENTIFIC CORPORATION,

Defendant.

LEAD CASE NO. 5:15-CV-57

Individual Case No. 3:15-CV-211

**VERDICT FORM (REVISED)**

We, the jury in the above-captioned matter, unanimously answer the following questions as follows:

1. Did Boston Scientific Corporation act unreasonably in designing or formulating the Uphold mesh proximately causing Martha Carlson's injuries?

    _____   _____
    Yes          No

2. Did Boston Scientific Corporation unreasonably fail to provide an adequate warning or instruction with the Uphold mesh proximately causing Martha Carlson's injury?

    _____   _____
    Yes          No

3. Did Boston Scientific Corporation impliedly warrant to Martha Carlson that the Uphold mesh was merchantable?

    _____   _____
    Yes          No

PLAINTIFF'S PROPOSED JURY VERDICT FORM                                                                                                  1

Case 3:15-cv-00211-RLV-DCK   Document 110   Filed 10/15/15   Page 7 of 8

4. Did Boston Scientific Corporation breach the implied warranty of merchantability made to Martha Carlson?

   _____    _____
       Yes            No

   **IF YOU ANSWERED "NO" TO EVERY QUESTION ABOVE, PLEASE SIGN AND DATE THE FORM AND TELL THE COURT SECURITY OFFICER YOU HAVE REACHED A VERDICT. IF YOU ANSWERED "YES" TO 1 OR 2 OR "YES" TO 3 AND 4 PLEASE ANSWER THE FOLLOWING QUESTIONS:**

5. What amount is Martha Carlson entitled to recover for personal injury?

   $_____

6. Is Boston Scientific Corporation liable to Martha Carlson for punitive damages?

   _____    _____
       Yes            No

7. What amount of punitive damages, if any, does the jury in its discretion award to the plaintiff?

   $_____


Dated: _____

Signed: _____
       Foreperson